UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20079-CIV-MARTINEZ/SANCHEZ

MARSHA BIENAIME,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

**OMNIBUS REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Dismiss Plaintiff's Second Amended Complaint, filed by the Defendant Miami-Dade County (the "County"). ECF No. 25. Also addressed in this Omnibus Report and Recommendation are the following motions, which have also been referred to the undersigned by the Hon. Jose E. Martinez following the reassignment of the proceedings in this case from then-Magistrate Judge Becerra to the undersigned: Plaintiff's Motion for Summary Judgment (ECF No. 28), Defendant's Motion to Strike Plaintiff's Untimely Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment (ECF No. 32), Defendant Miami-Dade County's Motion for Final Summary Judgment (ECF No. 53), and a second Plaintiff's Motion for Summary Judgment (ECF No. 61). *See* ECF Nos. 13, 36, 47.

After careful consideration of the Second Amended Complaint (ECF No. 22), the County's Motion, the Plaintiff's response in opposition (ECF No. 26), and the County's reply (ECF No. 27), the undersigned **RESPECTFULLY RECOMMENDS** that the County's Motion to Dismiss be **GRANTED**. The undersigned further recommends that Plaintiff's Motion for Summary Judgment (ECF No. 28), Defendant's Motion to Strike Plaintiff's Untimely Statement of Material Facts in

Support of Plaintiff's Motion for Summary Judgment (ECF No. 32), Defendant Miami-Dade County's Motion for Final Summary Judgment (ECF No. 53), and Plaintiff's second Motion for Summary Judgment (ECF No. 61) be **DENIED AS MOOT**.

## I.     BACKGROUND

The Plaintiff, Marsha Bienaime, brings this action *pro se* under Title VII of the Civil Rights Act of 1964 alleging religious discrimination, harassment, and retaliation.  ECF No. 22.  The Plaintiff began working for the Miami-Dade County Corrections and Rehabilitation Department ("MDCCR"), an arm of the Defendant County, on December 6, 2010.  ECF No. 22 at 7.  The Plaintiff alleges that, beginning in 2019, she was mocked for her Christian religious beliefs and instructed to lie and change information in reports, which conflicted with her religious beliefs.  *Id.* at 7, 9.  On June 9, 2020, the Plaintiff made a formal complaint for harassment and creating a hostile work environment with the Fair Employment Practice Human Rights Commission in the County's Human Resource unit, and she allegedly explained that she was being targeted for practicing her religious beliefs.  *Id.*  The Plaintiff additionally alleges that she was subsequently presented with "5 packages of Write ups/disciplinary," for events occurring after her June 9, 2020 complaint, in retaliation.  *Id.* at 10.  On November 12, 2020, the Plaintiff filed a second formal complaint with the MDCCR's Internal Affairs department about discrimination and harassment.  *Id.*  Months later, on March 30, 2021, the Plaintiff was asked by her supervisor to remove religious quotes from her county email signature, and she further alleges that she was thereafter "presented with another write up" for not removing the religious quotes.  *Id.* at 10-11.[1]  Finally, the Plaintiff alleges that she was discriminated against due to her "being part of a protected class" when, on

---

[1] Notably, the Plaintiff alleges that other employees included religious quotes in their email signatures and were not reprimanded or discriminated against on that basis.  ECF No. 22 at 11.  The Plaintiff never alleges anything else concerning the religion or religious beliefs of those other employees.  *Id.*

2

May 24, 2021, she was "perceived as [having] a medical condition" and was sent to complete a Fitness for Duty evaluation. *Id.* at 11, 13 (emphasis omitted). The Plaintiff alleges that these instances occurred on specific dates ranging from September 24, 2019, to May 24, 2021. *Id.* at 9-11. The Plaintiff also alleges that the alleged discrimination and retaliation caused her to resign, *id.* at 9, but the Second Amended Complaint does not state when she resigned nor does it identify any instance of alleged discrimination after May 24, 2021, that led to Plaintiff's resignation. *Id.* at 9.

Following these instances of discrimination, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 11, 2022, and she received a Notice of Right to Sue letter from the EEOC on November 7, 2022, which she attached to her Second Amended Complaint. ECF No. 22 at 5, 16.

## II. LEGAL STANDARD

To state a claim for relief under the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss pursuant to Rule 12(b)(6), the Plaintiff must have alleged facts that make out a facially plausible claim and raise the right to relief beyond a speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-58, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, the court must "accept[] the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor," *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Keating v. City of Miami*, 598 F.3d 752, 762 (11th Cir. 2010)), and must limit its consideration to the four corners of the complaint and any

attached exhibits, *see, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Conclusory allegations, however, are insufficient. *See Twombly*, 550 U.S. at 555.

### III. ANALYSIS

In its motion to dismiss, the County asserts that the Plaintiff's Title VII claim is untimely and should be dismissed with prejudice because further amendment of the complaint in this case would be futile. ECF No. 25 at 1. The County also asserts that the Plaintiff's Second Amended Complaint, ECF No. 22, the governing complaint in this case, fails to state a claim. ECF No. 25. The undersigned agrees with the County that the claims asserted in the Second Amended Complaint are time-barred and accordingly recommends that the Court dismiss the Second Amended Complaint on that basis. However, because amendment of the Plaintiff's Second Amended Complaint may not be futile, the undersigned recommends that the Plaintiff be given leave to amend.

#### A. *The Second Amended Complaint Is Subject to Dismissal as Time-Barred*

As a condition precedent to filing suit for claims arising under Title VII, a plaintiff must first exhaust her administrative remedies by timely filing a charge of discrimination with the EEOC. *See, e.g.*, *H & R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) ("Before suing under Title VII, a plaintiff must first exhaust her administrative remedies."); *Liu v. Univ. of Miami*, 138 F. Supp. 3d 1360, 1369 (S.D. Fla. 2015) ("As a condition precedent to filing suit, a plaintiff must first exhaust her administrative remedies by timely filing a charge of discrimination."), *aff'd*, 693 F. App'x 793 (11th Cir. 2017). To be timely, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the last discriminatory act, or, in a deferral state such as Florida, within 300 days of the last discriminatory act. 42 U.S.C. § 2000e-5(e); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act

occurred."); *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) ("For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act.") (citing 42 U.S.C. § 2000e-5(e)(1)). Claims that are not timely filed are time-barred. *See, e.g.*, *Kent v. City of Homestead*, No. 00-3601-CIV, 2002 WL 732109, at *6 (S.D. Fla. Mar. 14, 2002) ("A plaintiff's failure to file a timely charge of discrimination with the EEOC, pursuant to § 2000e-5(e)(1), renders that claim time-barred."), *aff'd*, 54 F. App'x 691 (11th Cir. 2002); *see also Marquez v. Costco Wholesale Corp.*, 550 F. Supp. 3d 1256, 1273 (S.D. Fla. 2021) ("A claim is time-barred if it is not filed within these time limits.") (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 109). It is the plaintiff's burden to establish timeliness. *Shi v. Montgomery*, 679 F. App'x 828, 831 (11th Cir. 2017) ("The plaintiff has the burden of establishing that he filed a timely charge of discrimination.").

Based on a review of the face of the Second Amended Complaint, the Plaintiff's claims are time-barred. The Plaintiff alleges discrete instances of discrimination that occurred on specific dates—September 24, 2019; May 24, 2020; June 9, 2020; October 1, 2020; November 12, 2020; March 30, 2021; and May 24, 2021. ECF No. 22 at 4, 9-11. The Plaintiff does not allege that any discriminatory or retaliatory act occurred after May 24, 2021, and although the Plaintiff claims to have been constructively discharged, nowhere in the Second Amended Complaint does it state when she resigned nor does it identify any instance of alleged discrimination after May 24, 2021, that led to her resignation. ECF No. 22. Thus, in accordance with the Plaintiff's own allegations in her Second Amended Complaint, the Plaintiff had 300 days from May 24, 2021—or until March 21, 2022—to file her charge with the EEOC for the discriminatory and retaliatory conduct that she has alleged in the Second Amended Complaint. *See* 42 U.S.C. § 2000e-5(e)(1). The Second Amended Complaint, however, alleges that the Plaintiff filed her discrimination charge with the

EEOC on June 11, 2022, ECF No. 22 at 5, which is more than 2 months outside the statutorily-prescribed 300-day period. 42 U.S.C. § 2000e-5(e)(1). Because the alleged acts of discrimination and retaliation that Plaintiff describes in her Second Amended Complaint occurred more than 300 days before she filed her charge with the EEOC, the claims asserted in the Second Amended Complaint are time-barred and subject to dismissal.

However, because it is unclear at this point whether the Plaintiff can allege any facts that would establish that she suffered from discriminatory or retaliatory acts in violation of Title VII on dates later than those alleged in the Second Amended Complaint such that the charge that she filed with the EEOC would be timely under 42 U.S.C. § 2000e-5(e)(1), the undersigned recommends that the dismissal of the Second Amended Complaint be with leave to amend, provided that the Plaintiff informs the Court that she can allege such facts.[2]

**B.** *The Parties' Summary Judgment Filings Should Be Dismissed as Moot*

Because the Second Amended Complaint is subject to dismissal, the parties' motions addressing summary judgment on the claims that the Plaintiff has asserted in her Second Amended Complaint should be denied as moot.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the County's Motion to Dismiss, ECF No. 25, be **GRANTED** and that the Plaintiff's Second Amended Complaint be **DISMISSED WITH LEAVE TO AMEND**. The undersigned additionally **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 28), Defendant's

---

[2] Although the Plaintiff has argued that her claims are not time-barred because the EEOC issued her a right-to-sue letter and because she filed her civil complaint in this case within the requisite period after the right-to-sue letter was issued, *see* 42 U.S.C. § 2000e-5(f)(1), such circumstances do not alter the fact that the Second Amended Complaint establishes that the claims asserted therein are time-barred due to Plaintiff's failure to meet the *different* statutory requirement set forth in 42 U.S.C. § 2000e-5(e)(1), as explained above.

Motion to Strike Plaintiff's Untimely Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment (ECF No. 32), Defendant Miami-Dade County's Motion for Final Summary Judgment (ECF No. 53), and the second Plaintiff's Motion for Summary Judgment (ECF No. 61) all be **DENIED AS MOOT**.

Within eleven (11) days of this Report and Recommendation, that is, **by Monday, August 26, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 15th day of August 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
 Counsel of Record
 Marsha Bienaime, *pro se* (via U.S. Mail and email)

  12501 NE 13th Street, Apt-226
  Miami, FL  33161

  2345 Superior Street
  Opa Locka, FL  33054

  Email:  marshabienaime@yahoo.com